UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KISS TREBBLES,

                Plaintiff,                 **ORDER**

        v.                                6:20-CV-07008 EAW

THE STATE OF OHIO, ENTERPRISE
RENTAL CARS, and ASHTABULA CO.
PROBATE/JUVENILE COURT,

                Defendants.
_____

Plaintiff Kiss Trebbles ("Plaintiff") brings this *pro se* action against defendants the State of Ohio, Enterprise Rental Cars, and the Ashtabula County Probate/Juvenile Court and seeks leave to proceed *in forma pauperis*. (Dkt. 2). Plaintiff's complaint alleges violations of her civil rights arising from an incident in which she claims an Ohio state highway patrol officer unlawfully detained her and her child, claiming that the vehicle in which they were traveling had been stolen. (Dkt. 1 at 3-4).

For the reasons set forth below, this action is transferred to the United States District Court for the Northern District of Ohio, Eastern Division pursuant to 28 U.S.C. § 1406(a).

**DISCUSSION**

Under 28 U.S.C. § 1391(b), a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  When a case is filed in a district in which venue is improper, the court shall dismiss the case "or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought."  28 U.S.C. § 1406(a).  "[C]ourts may transfer cases on their own initiative."  *Evans v. Absolute Results*, No. 21-CV-00280 (LLS), 2021 WL 603227, at *3 (S.D.N.Y. Feb. 12, 2021).

Here, neither the State of Ohio nor the Ashtabula County Probate/Juvenile Court reside in New York, the State in which this District is located.  *See California v. Azar*, 911 F.3d 558, 570 (9th Cir. 2018) (for purposes of venue, a state resides in "every district within its borders").  Thus, even assuming that defendant Enterprise Rental Cars resides in this District, venue is not proper under § 1391(b)(1) on that basis, because not all defendants are residents of New York State.  Further, the events underlying Plaintiff's claims occurred in Ashtabula County, Ohio, which is within the geographical confines of the Northern District of Ohio, Eastern Division.  *See* 28 U.S.C. § 115(a)(1).

Based upon the foregoing, the Court finds that venue of this action is not proper in this District.  This Court further determines that it is in the interest of justice that this action be transferred to the Northern District of Ohio, Eastern Division pursuant to 28 U.S.C. § 1406(a).  This Court makes no ruling as to the sufficiency of Plaintiff's complaint, nor

does it consider the merits of Plaintiff's application to proceed *in forma pauperis*; instead, this Court leaves those issues to the Northern District of Ohio, Eastern Division.

## **CONCLUSION**

For the reasons stated above, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Northern District of Ohio, Eastern Division.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: April 7, 2021
      Rochester, New York